UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YASMIN CARTY, | : |
| Plaintiff, | : Civil Action No.: 17-00266 (RC) |
| v. | : Re Document Nos.: 3, 8 |
| CVS PHARMACY, LLC, *et al.*, | : |
| Defendants. | : |

**MEMORANDUM OPINION**

GRANTING DEFENDANTS' MOTION TO DISMISS
AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

Plaintiff, Yasmin Carty ("Ms. Carty"), sued Defendants, CVS Pharmacy, LLC ("CVS") and its Chief Executive Officer ("CEO"), Larry J. Merlo ("Mr. Merlo"), seeking compensatory and punitive damages for their alleged negligence stemming from incidents involving a pharmacist at Ms. Carty's local CVS.[1] *See* Notice of Removal at 10, ECF No. 1 (hereinafter "Complaint" or "Compl."). Defendants, CVS and Mr. Merlo, moved to dismiss Ms. Carty's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. Dismiss ("Defs.' Mot.") at 1, ECF No. 3. Thereafter, Ms. Carty opposed Defendants' Motion and filed her own Motion for Summary Judgment. *See* Pl.'s Reply Opp'n Defs.' Mot. Dismiss and Mot. Summ. J. ("Pl.'s Opp'n & Mot."), ECF No. 8. For the reasons stated below, the Court grants Defendants' Motion to Dismiss and denies Ms. Carty's Motion for Summary Judgment as moot.

---

[1] While Ms. Carty's Complaint purports to state a negligence claim against Defendants, her later filings seem to complain about various intentional acts. *See generally* Pl.'s Reply Opp'n Defs.' Mot. Dismiss and Mot. Summ. J. ("Pl.'s Opp'n & Mot."), ECF No. 8; Pl.'s Reply Defs.' Reply Brief Supp. Defs.' Mot. Dismiss ("Pl.'s Reply"), ECF No. 10.

## II. BACKGROUND[2]

On January 13, 2017, Ms. Carty received a text message from CVS stating that her medication was ready for her to pickup. Compl. When Ms. Carty went to her local CVS store, the CVS pharmacist on duty gave Ms. Carty a medication that Ms. Carty noted was incorrect. Compl.; Pl.'s Opp'n & Mot. at 1. When Ms. Carty brought this to the pharmacist's attention, the pharmacist told Ms. Carty that her medication was actually not ready and threatened that, next time, she would just give Ms. Carty Advil. Compl.; Pl.'s Opp'n & Mot. at 1. However, another CVS pharmacy employee subsequently assisted Ms. Carty, found the correct medication in stock, and filled her prescription. Compl.; Pl.'s Opp'n & Mot. at 1.

The next day, on January 14, 2017, Ms. Carty commenced this action against Defendants in the Superior Court of the District of Columbia alleging negligence. *See* Pl.'s Opp'n & Mot. at 1. Ms. Carty demanded a judgment against Defendants in the amount of $230,000.00, plus punitive damages. Pl.'s Opp'n & Mot. at 1. Defendants removed the action to the United States District Court for the District of Columbia on February 10, 2017, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.[3] *See* Notice of Removal at 2, ECF No. 1. Thereafter, Defendants filed a Motion to Dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See* Defs.' Mot. Dismiss at 1. In response, Ms. Carty filed, together with her Opposition to Defendants' Motion to Dismiss, a Motion for Summary Judgment. *See* Pl.'s Opp'n & Mot.

---

[2] At the motion to dismiss stage, the Court accepts Plaintiff's factual allegations as true, and resolves doubts in favor of Plaintiff. *See, e.g.*, *Shear v. Nat'l Rifle Ass'n of Am.*, 606 F.2d 1251, 1253 (D.C. Cir. 1979).

[3] The Court has subject matter jurisdiction over the instant claim because of the parties' diverse citizenship and the amount in controversy, which exceeds $75,000.00. *See* 28 U.S.C. § 1332(a); Compl.; Defs.' Notice of Removal at 2–3.

In her subsequent filings, Ms. Carty sets forth several additional factual contentions.[4] First, she now claims that she in fact did not receive the correct medication on January 13, 2017, and that she had to return to CVS three times before the clerk gave her the correct medication. Pl.'s Reply Defs.' Reply Brief Supp. Defs.' Mot. Dismiss ("Pl.'s Reply") at 4, ECF No. 10. Ms. Carty also now alleges that she believes the CVS pharmacist was "target[ing]" her in various ways and that "her intention [was] to make sure [that] [Ms. Carty] [does not] get [her] medicines." Pl.'s Reply at 2. For example, she states that the pharmacist, on another occasion, gave her the incorrect diabetes test strips, a problem which allegedly went unresolved for three weeks. Pl.'s Opp'n & Mot. at 2. Ms. Carty also seems to suggest that the pharmacist had previously withheld her medications and medical supplies on other occasions and that the pharmacist regularly encouraged other CVS employees to withhold medications from Ms. Carty as well. Pl.'s Reply at 2–3. Finally, Ms. Carty alleges that when the pharmacist filled her prescriptions, the medicine bottle often "smell[ed] funny," though she does not allege that the medication was adulterated in any way or that she has ever suffered any ill effects from that medication. Pl.'s Reply at 2.

### III. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on

---

[4] Because Ms. Carty is a *pro se* plaintiff, the Court must evaluate her pleadings *in toto*, considering all her allegations, including those filed in opposition to Defendants' Motion to Dismiss. *See Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 151–52 (D.C. Cir. 2015) (holding that the District Court erred in "failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss." (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999))).

the merits; rather, it tests whether a plaintiff has properly stated a claim. *See* Fed. R. Civ. P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ("When a federal court reviews the sufficiency of a complaint . . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). A court considering a motion to dismiss a *pro se* plaintiff's complaint should look to "all filings, including filings responsive to a motion to dismiss." *Brown*, 789 F.3d at 151–52. Further, a court presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See, e.g.*, *Shear*, 606 F.2d at 1253 ("The complaint must be construed liberally, with all factual allegations deemed to be true and with doubts to be resolved in favor of the pleader." (internal quotation marks and citation omitted)); *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000) (same). However, the Court is not required to accept "a legal conclusion couched as a factual allegation," or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the factual allegations need not be detailed, the plaintiff must still "provide the 'grounds' of [her] 'entitle[ment] to relief'," *Twombly*, 550 U.S. at 555 (citations omitted), with more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). This means that "[d]ismissal under Rule 12(b)(6) is proper when a plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face' and to nudge

his claims 'across the line from conceivable to plausible.'" *Abbas v. Foreign Policy Grp.*, 783 F.3d 1328, 1338 (D.C. Cir. 2015) (quoting *Twombly,* 550 U.S. at 570).

While *pro se* pleadings are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted) (per curiam), they too "must plead 'factual matter' that permits the court to infer "more than the mere possibility of misconduct," *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79), by the defendants. *Accord Brown*, 789 F.3d at 150 (quoting *Erickson*, 551 U.S. at 94 and *Atherton*, 567 F.3d at 681–82).

## IV.  ANALYSIS

Upon review of Ms. Carty's Complaint and her subsequent filings, the Court concludes that she has failed to state any claim against Defendants. First, the Court finds that Ms. Carty has failed to state a claim for negligence because she fails to make any allegations regarding Mr. Merlo's involvement in the incidents with the pharmacist, and she fails to allege any injury resulting from CVS's alleged conduct. Second, even construing Ms. Carty's allegations broadly as an assertion of a claim for intentional infliction of emotional distress, the Court finds Ms. Carty's allegations insufficient because she does not allege that CVS's conduct was either "extreme" or "outrageous." Thus, the Court grants Defendants' Motion to Dismiss.

### A.  Negligence

Defendants moved to dismiss Ms. Carty's negligence claim, arguing that she failed to state a claim upon which relief may be granted. Defs.' Mot. Dismiss at 1, ECF No. 3; *see* Fed. R. Civ. P. 12(b)(6). Under District of Columbia law,[5] to state a negligence claim, "a plaintiff must

---

[5] "A federal court sitting in diversity must apply the choice-of-law rules of the forum state—here, the District of Columbia." *In re APA Assessment Fee Litig.*, 766 F.3d 39, 51 (D.C.

5

allege '(1) a duty, owed by the defendant to the plaintiff, to conform to a certain standard of care; (2) a breach of this duty by the defendant; and (3) an injury to the plaintiff proximately caused by the defendant's breach.'" *Friends Christian High Sch. v. Geneva Fin. Consultants*, 39 F. Supp. 3d 58, 63 (D.D.C. 2014) (quoting *District of Columbia v. Fowler*, 497 A.2d 456, 462 n.13 (D.C. 1985)). Defendants argue that Ms. Carty "cannot state a viable claim for relief" because she does not allege that Mr. Merlo had any involvement in the incident nor does she allege that she suffered any damages. Mem. P. & A. Supp. Defs.' Mot. Dismiss at 2, ECF No. 3-1. The Court agrees.

First, the Court finds that Ms. Carty has failed to state a claim of negligence against Mr. Merlo because she does not allege that he personally acted or inspired any act that injured Ms. Carty. Neither Ms. Carty's Complaint nor her subsequent filings allege any action or inaction taken by Mr. Merlo in connection with any of the various incidents for which Ms. Carty complains. *See* Compl.; Pl.'s Opp'n & Mot.; Pl.'s Reply. Because Ms. Carty has not pled any facts to support her negligence claim against Mr. Merlo, it must be dismissed. *See Crowder v. Bierman, Geesing, and Ward, LLC*, 713 F. Supp. 2d 6, 8–10 (D.D.C. 2010) (dismissing

---

Cir. 2014). In negligence cases, the Court must consider "*inter alia*, the place of the injury, the place where the contact occurred, the domicile of the parties, and the place where the relationship between the parties, and the place where the relationship between the parties is centered." *Stancill v. Potomac Elec. Power Co.*, 744 F.2d 861, 864 n.16 (D.C. Cir. 1984) (citing Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1971)). Because Ms. Carty is a District of Columbia resident who complains of events taking place in the District of Columbia, and because the relationship of the parties is apparently centered in the District, the District of Columbia's laws apply to the instant action. Furthermore, Defendants cite District of Columbia cases in their filings, and Plaintiff has not objected to the applicability of this case law to the instant suit. Where, as here, "all parties assume that District of Columbia law controls[,] . . . [t]he Court need not and does not question the parties' assumptions on that point." *Davis v. Grant Park Nursing Home LP*, 639 F. Supp. 2d 60, 65 (D.D.C. 2009) (citing *CSX Transp. Inc. v. Commercial Union Ins. Co.*, 82 F.3d 478, 482–83 (D.C. Cir. 1996)); *see also In re Korean Air Lines Disaster of Sept. 1, 1983*, 932 F.2d 1475, 1495 (D.C. Cir. 1991) (courts need not address choice of law questions *sua sponte*).

plaintiff's *pro se* complaint because there were "no factual allegations concerning any actions by [the] defendants").

Ms. Carty argues that she included Mr. Merlo as a defendant simply because he is the CEO of CVS. Pl.'s Reply at 1. But Mr. Merlo's position as CEO does not make him personally responsible for the CVS pharmacist's alleged actions. *See Perry ex. rel. Perry v. Frederick Inv. Corp.*, 509 F. Supp. 2d 11, 18 (D.D.C. 2007) ("[A]n officer's liability is not based merely on the officer's position in the corporation . . . . Liability must be premised upon a corporate officer's meaningful participation in the wrongful acts." (internal quotation marks and citation omitted)). Indeed, "corporate officers are personally liable [only] for torts which they commit, participate in, or inspire." *Jefferson v. Collins*, 210 F. Supp. 3d 75, 95 (internal quotation marks and citation omitted) (quoting *Lawlor v. District of Columbia*, 758 A.2d 964, 974 (D.C. 2000)). Because Ms. Carty does not allege that Mr. Merlo committed, participated in, or inspired any acts whatsoever, she has failed to state a claim against him. *See Jefferson*, 210 F. Supp. 3d at 95. Accordingly, the Court dismisses Ms. Carty's Complaint against Mr. Merlo without prejudice.[6]

The Court also finds that Ms. Carty's claim against CVS is deficient because she does not allege that she suffered any injury from CVS's various alleged acts. Although Ms. Carty alleges that she suffered delays and claims that she received the wrong medications and test strips such that she "could not test [her]self and take [her] medicines [the] way [she] should take [them]," Pl.'s Reply at 2–3, she fails to allege that she actually suffered any tangible harm from either

---

[6] Because Ms. Carty could plausibly amend her factual allegations to sustain a negligence action, thereby curing the deficiency for which her Complaint is being dismissed, the Court is dismissing Ms. Carty's Complaint without prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (concluding that a trial court should only dismiss with prejudice where the court "determines that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (quoting *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985))).

CVS's delays or the pharmacist's actions. Given the lack of any alleged injury, an essential element in a negligence claim, the Court must dismiss Ms. Carty's Complaint against CVS. *See Randolph v. ING Life Ins. and Annuity Co.*, 973 A.2d 702, 708 n.9 (D.C. 2009) (concluding that the plaintiff failed to state a claim given the "absence of allegations of present injury"); *Consumers United Ins. Co. v. Smith*, 644 A.2d 1328, 1337 n.11 (D.C. 1994) (stating that "[the plaintiff's] negligence claims must fail . . . because [the plaintiff] failed to present evidence of injury proximately caused by [the defendant's] alleged negligence."); *Hakki v. Zima Co.*, No. 03-9183, 2006 WL 852126, at *4–5 (D.C. Super. Ct. Mar. 28, 2006) (dismissing the plaintiff's negligence claim for failure to allege an injury, calling the failure the "primary defect in Plaintiff's negligence claim").

### B. Intentional Infliction of Emotional Distress

Although Ms. Carty's Complaint formally asserts a claim of negligence, her subsequent filings seem to complain of more systematic, intentional acts intended to cause Ms. Carty distress. Because Ms. Carty is proceeding *pro se*, the Court will also evaluate her allegations as a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress under District of Columbia law, a plaintiff must allege "that the defendant engaged in: (1) extreme and outrageous conduct that (2) intentionally or recklessly caused (3) severe emotional distress to [the plaintiff]." *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 934–35 (D.C. 1995) (citing *King v. Kidd*, 640 A.2d 656, 668 (D.C. 1993)). The conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Bernstein v. Fernandez,* 649 A.2d 1064, 1075 (D.C. 1991) (quoting Restatement (Second) of Torts § 46, cmt. d (Am. Law. Inst. 1965)). Liability "clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities;" it

is imposed only when the conduct goes "beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized community." *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980) (quoting Restatement (Second) of Torts § 46 cmt. d (Am. Law Inst. 1975)). Under District of Columbia law, "[t]he requirement of outrageousness is not an easy one to meet." *Drejza v. Vaccaro*, 650 A.2d 1308, 1312 (D.C. 1994) (citing *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992)).

Even evaluating Ms. Carty's allegations as a claim for intentional infliction of emotional distress, the Court still finds that Ms. Carty has failed to state a claim because she has not alleged facts that, if proven true, establish conduct by CVS that was extreme and outrageous or that exceeds the bounds of decency. The law simply does not permit a plaintiff to recover for the kinds of petty annoyances or disputes that Ms. Carty alleges here. For example, in *Hollis v. Rosa Mexicano DC, LLC*, 582 F. Supp. 2d 22, 24, 27 (D.D.C. 2008), the plaintiff, an African-American woman, alleged that she attempted to secure a table at a restaurant for her party of five, but was ignored, denied a reservation buzzer, and received "abusive responses" to her inquiries that were "abrasive and sharp-toned." Upon seeing that the remainder of the plaintiff's party was white, the hostess informed Hollis that she could only accommodate a party of four, thereby prompting the plaintiff to leave the restaurant, causing her alleged "humiliation, loss of character, stress, loss of sleep and appetite, and undue emotional distress." *Id.* at 24. The court, however, dismissed the plaintiff's claim for intentional infliction of emotional distress because defendant's conduct was "not sufficiently extreme and outrageous," noting that it constituted "the type of insult or indignity to which District of Columbia tort law requires a plaintiff to be hardened." *Id.* at 27. Here, as in *Hollis*, Ms. Carty generally alleges that she was denied services and was subjected to verbal maltreatment, which seemingly caused her distress. Pl.'s Opp'n &

9

Mot. at 1; Pl.'s Reply at 1–2. But as the court in *Hollis* observed, "[h]owever troubling [that] alleged conduct may be, as a matter of law, it was not sufficiently extreme and outrageous to state a claim of intentional infliction of emotional distress." *Hollis*, 582 F. Supp. 2d at 27; *see also McManus v. MCI Commc'ns Corp.*, 748 A.2d 949, 958 (D.C. 2000) (allegations of employer's "racist conduct" and "comments made about [plaintiff's] appearance [that] offended [plaintiff's] personal dignity and were offensive to her heritage as an African-American woman" did "not rise to the level required to proceed with a claim for intentional infliction of emotional distress"); *Etoh v. Fannie Mae*, 883 F. Supp. 2d. 17, 42 (D.D.C. 2011) (supervisor's utterance of racial epithet directed at African-American employee was not sufficiently extreme or outrageous to be actionable), aff'd in part, rev'd on other grounds sub nom. *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572 (D.C. Cir. 2013); *Avent v. Dist. of Columbia*, No. 08-0020, 2009 WL 387668, at *1 (D.D.C. Feb. 13, 2009) (plaintiff's allegations that D.C. Department of Youth Rehabilitation Services "failed to address her concerns about her son's treatment, refused her requests to investigate an ongoing sexual relationship between one of its employees and her son, and implied that she was the cause of her son's problems" were not sufficiently extreme or outrageous to be actionable for intentional infliction of emotional distress); *Bray v. RHT, Inc.*, 748 F. Supp. 3, 4–6 (D.D.C. 1990) (dismissing the plaintiff's intentional infliction of emotional distress claim, and calling it "frivolous" where the plaintiff was refused service and escorted from defendant's establishment on one day, but the next day was served without issue). And while one can certainly understand Ms. Carty's frustration, she has not alleged that she was bound to obtain her medications and medical supplies from CVS such that she could not otherwise secure treatment for herself. *See Hardy v. Ill. Dep't of Corrections, Wexford Health Sources, Inc.*, No. 15-0437, 2016 WL 7099964, at *5 (S.D. Ill. Dec. 6, 2016) (holding that the

withholding of prescriptions from a prisoner constituted intentional infliction of emotional distress because "[u]nlike an ordinary citizen, a prisoner may be particularly susceptible to emotional distress based on the withholding of certain medical care because he has no other way to secure treatment for himself"). Indeed, she admits that, going forward, she intends to get these services elsewhere. *See* Pl.'s Reply at 3. Thus, because Ms. Carty has failed to allege facts indicating that CVS's conduct was either "extreme" or "outrageous," she has not stated a claim for intentional infliction of emotional distress and the Court must dismiss her claim without prejudice.[7, 8]

## V. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Rule 12(b)(6) motion to dismiss without prejudice. Furthermore, the Court denies Plaintiff's motion for summary judgment as moot. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 11, 2017                                  RUDOLPH CONTRERAS
                                                                                       United States District Judge

---

[7] As previously stated, the Court is dismissing Ms. Carty's Complaint without prejudice because Ms. Carty could cure the deficiencies in her Complaint and amend her allegations to sustain a negligence action. *See supra* note 6.

[8] Because the Court dismisses Ms. Carty's Complaint for failure to state a claim upon which relief may be granted, Ms. Carty no longer has a claim before the Court. The Court therefore denies her Motion for Summary Judgment as moot. *See Coon v. Wood*, 160 F. Supp. 3d 246, 248 (D.D.C. 2016) (stating that the "parties' cross-motions for summary judgment [were] . . . denied as moot" given the dismissal of the case); *Bradley Mem'l Hosp. v. Leavitt*, 599 F. Supp. 2d 6, 18 (D.D.C. 2009) (noting that the plaintiffs' renewed motion for summary judgment was "moot in light of the Court's decision to grant [the d]efendant's Motion to Dismiss").